UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DAVID GONSALVES, JR., CDCR #BV-1374,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No.: 24cv0526-JO-SBC<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PREPAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) AND FOR IMPROPER VENUE PURSUANT TO 28 U.S.C. § 1406(a)** |

Plaintiff Anthony David Gonsalves, Jr., a state prisoner incarcerated at the California State Prison Solano in Vacaville, California, is proceeding *pro se* in this 42 U.S.C. § 1983 civil rights action. Dkt. 1, Compl. Plaintiff claims that various California state and county officials and entities violated his federal constitutional rights in connection with his arrest, trial, and incarceration. *Id.* at 1-12. Plaintiff did not pay the civil filing fee required by 28 U.S.C. § 1914(a) and has instead filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). Dkt. 2.

1

## I. MOTION TO PROCEED IFP

A party may institute a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Plaintiffs who wish to proceed IFP must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). For prisoners to establish an inability to pay, the Prison Litigation Reform Act requires submission of "a certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

Plaintiff has failed to submit a copy of his inmate trust account in support of his IFP Motion. *See* Dkt. 2. Because Plaintiff has failed to provide the Court with the required document, the Court denies his IFP motion and dismisses this action for failure to prepay the filing fee as required by 28 U.S.C. § 1914(a).

## II. DISCUSSION

The Court *sua sponte* examines whether venue for Plaintiff's claims is proper in the Southern District of California.[1]

A civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . ." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). When a case is filed in an improper venue, the district court of the district where the case was filed may dismiss the

---

[1] Venue may be raised by a court *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

case. *See* 28 U.S.C. § 1406(a).

Upon reviewing Plaintiff's complaint, it appears none of the alleged misconduct took place within this district and none of the individuals involved reside here. Plaintiff names four state prisons as Defendants in this case and all are located in the Eastern District of California: (1) California State Prison Solano located in Solano County; (2) Folsom State Prison located in Sacramento County; (3) Deuel Vocational Institute located in San Joaquin County; and (4) Pleasant Valley State Prison located in Fresno County. *See generally* Compl. Plaintiff also names as additional Defendants the Sheriff of Los Angeles County; the Riverside County Sheriff's Department Swat Teams 1 & 2; the Sacramento County Sheriff's Department; and the Sacramento Police Department—none of whom are alleged to reside in the Southern District of California. Plaintiff alleges no actions or violations of rights that took place within San Diego or Imperial County, the counties which comprise the Southern District of California. *Id.*; *see* 28 U.S.C. § 84(d) ("The Southern District of California comprises the counties of Imperial and San Diego."). Because none of the events or omissions giving rise to Plaintiff's claims are alleged to have occurred in either San Diego or Imperial County and because no Defendant resides here, the Court finds venue is not proper in the Southern District. *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

Accordingly, this action is DISMISSED for failure to prepay the filing fee or qualify to proceed IFP as required by 28 U.S.C. § 1914(a) and for lack of proper venue pursuant to 28 U.S.C. § 1406(a). The dismissal is without prejudice, and Plaintiff may pursue his claims in a Court with proper venue. The Clerk of Court is DIRECTED to close this case.

**IT IS SO ORDERED.**

Dated: June 3, 2024

_____
Hon. Jinsook Ohta
United States District Judge